The following constitutes
the order of the court. Signed March 10, 2015

*M. Elaine Hammond*
_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 12-51833 |
| | Chapter 7 |
| Stephen Sidney Cooper, | |
| Debtor(s). | |
| | Adv. No. 12-5122 |
| Dipei Weng, et al., | |
| Plaintiff. | |
| v. | |
| Stephen Sidney Cooper, et al., | |
| Defendants. | |

## MEMORANDUM DECISION RE: ASSIGNMENT ORDER

Judgment Creditors Gail S. Cooper aka Gail S. Cooper-Folb and Dipei Weng aka Betty Weng ("Judgment Creditors") brought their motion seeking an assignment order and restraining order against Judgment Debtor Stephen Cooper ("Cooper").

This Memorandum Decision seeks to clarify the basis for entry of the assignment order and address confusion related to priority of liens and enforcement remedies.

This court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(I) and (J). A proceeding to enforce or execute on a judgment "arising under" the court's jurisdiction continues under such jurisdiction until the judgment is satisfied. *See McCowan v. Fraley (In re McCowan)*, 296 B.R. 1, 3 (9th Cir. BAP 2003).

Background:

Judgment Creditors brought an adversary proceeding in Cooper's Chapter 7 case, seeking relief pursuant to Bankruptcy Code[1] §§ 523(a) and 727. The court[2] conducted a trial over eight days. The court issued separate memorandum decisions regarding the § 523 and § 727 claims. The Judgment After Trial was entered on September 30, 2014 ("Judgment"). The Judgment provides: (1) a non-dischargeable judgment in favor of Ms. Cooper in the total sum of $150,136.51, plus post-judgment interest, (2) a non-dischargeable judgment in favor of Ms. Weng in the total sum of $89,297.66, plus post-judgment interest, and (3) denial of Cooper's discharge under §§ 727(a)(2), (a)(3), and (a)(4).

On November 13, 2014, Judgment Creditors filed an ex parte application for a temporary restraining order pending a hearing on their related motion for an assignment order and order restraining Cooper. A temporary restraining order was entered on November 14, 2014 (the "TRO") and the request for an assignment order was set for hearing on December 8, 2014. Cooper opposed the motion but did not assert that any exemptions should apply.[3] The court issued its first assignment order on December 17, 2014, granting Judgment Creditors' motion.[4] In response to a subsequent ex parte application, the court issued an Amended Order granting the motion on December 23, 2014.

---

[1] 11 U.S.C. § 101 *et seq*.

[2] This adversary proceeding was assigned to Judge Charles Novack through trial and entry of judgment.

[3] Cooper is the beneficiary of a discretionary trust from which he receives up to $5,000 per month.

[4] The court's findings and conclusions in support of granting of the motion were stated on the record at the December 8 hearing. This is the first memorandum decision issued regarding the assignment order.

2

Following the Amended Order, Judgment Creditors filed an application seeking to have funds currently held by Intero Real Estate Services ("Intero") deposited with the court and disbursed to Judgment Creditors. Cooper opposed the application. The court found that the information provided by the parties was incomplete. As a result, the prior orders lacked sufficient clarity. The court held a hearing on January 7, 2015, to inform the parties of this and set a schedule for further filings. After the parties filed supplemental declarations and related pleadings, the court took the matter under submission.

Legal Analysis**:**

**Priority of Assignment Order**

Cooper's supplemental declaration and reply focus on the relative priority of other liens and potential liens against Cooper's assets. Cooper confuses priority of liens with procedures for enforcement of a lien.

Federal Rule of Civil Procedure 69 (made applicable by Federal Rule of Bankruptcy Procedure 7069) provides that the procedures of the state where the court is located govern proceedings in aid of execution on a money judgment.[5] As such, California law applies, except where there is a federal statute on point.

California Code of Civil Procedure § 708.480 provides that a lien may be enforced by any applicable procedure after judgment is entered and the time for appeal has expired. The Judgment was entered on September 30, 2014, and no appeal was taken. The Legislative Committee Comments (Assembly) to Cal. Civ. Proc. Code § 708.480 provide that this section "makes available a variety of remedies for the enforcement of a lien" and identify five examples, including application for an assignment order.

---

[5] Rule 69(a)(1) provides:

> Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

The procedures and application of an assignment order are set forth in California Code of Civil Procedure § 708.510 *et seq.* The factors considered by a court in determining whether to grant an assignment include:

- The reasonable requirements of a judgment debtor who is a natural person.
- Payments the judgment debtor *is required to make* or *that are deducted* in satisfaction of other judgments.
- The amount remaining due on the money judgment.
- The amount to be received in satisfaction of the right to payment that may be assigned.

Cal. Civ. Proc. Code § 708.510(c) (emphasis added).

Notably, the considerations recognize that a judgment debtor may be subject to multiple judgments, and only consider required or garnished payments. Cal. Civ. Proc. Code § 708.510(c)(2). The relative priority of the judgment upon which the assignment is sought to prior judgments against the debtor is not a consideration. Section 708.530 further directs that the effect and priority of an assignment is governed by California Civil Code § 955.1 and states "[f]or the purpose of priority, an assignee of a right to payment . . . shall be deemed to be a bona fide assignee for value."

California Civil Code § 955.1(b) provides that "As between bona fide assignees of the same right for value without notice, the assignee first giving notice thereof to the obligor in writing has priority." So, by giving notice to the obligor (the party holding funds assigned to the judgment creditor)[6], the assignee-judgment creditor obtains priority to subsequent assignees.[7] Further, by recognizing the assignee-judgment creditor as a bona fide assignee for value, the assignee obtains the potential defenses of a holder in due course – including,

---

[6] Cal. Civ. Proc. Code § 708.540 defines an "obligor" for the purposes of assignment orders as "the person who is obligated to make payments to the judgment debtor or who may become obligated to make payments to the judgment debtor depending upon future developments."

[7] The 1982 Law Revision Commission Comments to Cal. Civ. Proc. Code § 708.530 explain that "Section 708.530 incorporates the rule generally applicable to assignments of general intangibles and other rights to payment. Under Civil Code Section 955.1 and this section, the judgment creditor who has obtained an assignment under this article will have priority over another assignee of the same right for value and without notice only if the judgment creditor first gives notice to the obligor."

Case: 12-05122    Doc# 219    Filed: 03/10/15    Entered: 03/10/15 11:09:24    Page 4 of 8

immunization of the assignment from attack as a fraudulent transfer.  *See* 2 William I. Goldsmith, et al., *California Debt Collection and Enforcement of Judgments* § 20.27 (Matthew Bender ed. 2014).  "The rights of an obligor are not affected by an order assigning the right to payment until notice of the order is received by the obligor." Cal. Civ. Proc. Code § 708.540.

The only party identified by the parties as an obligor at this time is Intero Real Estate Services and/or any of its franchisees ("Intero").  Two parties, Real Commissions, LLC[8] ("RCL") and Judgment Creditors, are alleged to have provided notice to Intero:

- September 29, 2014 Notice by RCL:  RCL submitted by fax a letter dated September 29, 2014 to Intero.  The letter informs Intero that RCL recently purchased a commission from agent Cooper related to a potential closing of the sale of 14981 National Avenue.  It also provides a listing of commissions associated with other listings pledged as collateral and states:  "As such, we respectfully request that *payment be issued to Real Commissions* from which disbursement is first to occur . . . ."  A letter containing identical language was faxed to Old Republic Title on the same date.  *See* Cooper Declaration, Doc. # 213-6, filed Jan. 21, 2015.
- December 2014 Notice by Judgment Creditors:  Judgment Creditors obtained the first assignment order on December 17, 2014, and presumably provided notice to Intero soon after.[9]

RCL provided notice to Intero before Judgment Creditors obtained an assignment order.  It is entitled to recover Cooper's commissions in satisfaction of its purchase before Judgment Creditors obtain the benefit of the assignment order.  The TRO entered November 14, 2014 and assignment orders restrain Cooper from obtaining further commission advances.  As

---

[8] RCL provided commission advances to Cooper by purchasing commissions to be earned by Cooper from future sales of real property pursuant to a Master Agreement dated July 8, 2010. (Discussed further below.)  As such, RCL became entitled to collect certain commissions of Cooper once-earned directly from the holder of such commission.  Master Agreement ¶ 7.

[9] Ms. Cooper's Supplemental Declaration, filed on December 22, 2014, provides that "after Judgment Creditors' ex parte application was filed, [Ms. Cooper] learned that the franchisee of Intero Real Estate Services is holding approximately $10,000 of commissions due to Judgment Debtor on 320 Mansfield."  This is supported by Exhibit 4 to the Supplemental Declaration, an email from Intero's broker to Ms. Cooper acknowledging the court's order.

Case: 12-05122   Doc# 219   Filed: 03/10/15   Entered: 03/10/15 11:09:24   Page 5 of 8

stated by RCL's representative on the record at the hearing on January 7, 2015, the total amount that remains due to RCL by Cooper, jointly and severally with Nicole Derner, is $20,000. In his reply, Cooper states that he is informed that Ms. Derner will be paying $10,000 of the remaining balance, leaving approximately $10,000 due to RCL.

**Application of Commission from Mansfield Drive Sale to Commission Advance for National Avenue**

Cooper earned a commission from the sale of 320 Mansfield Drive around December 8, 2014. Cooper and Ms. Derner were co-listing agents for the seller. Cooper asserts that Ms. Derner was the sole agent for the buyer. A total of $103,250 was earned by brokers in connection with this sale. Judgment Creditors believe two issues affecting commissions in connection with this sale violated the TRO: First, a credit of $47,500, or reduction in earned commission, to seller provided by Cooper and Derner as co-agents; and second, Derner's sole representation of the buyer. Judgment Creditors have stated that these will be the subject of future contempt proceedings. These issues are not before the court currently and the court makes no findings as to whether or not a violation of the TRO occurred.

RCL entered into a Master Agreement dated July 8, 2010 (the "Master Agreement") with Cooper and Derner jointly and severally. Section 11 of the Master Agreement provides for cross-collateralization between commissions sold and commissions earned from other transactions.[10] RCL recorded its UCC with the California Secretary of State on December 3, 2010. Cooper and Derner entered into a Commission Purchase Agreement with RCL on September 26, 2014 (the "Purchase Agreement"). The Purchase Agreement was for an anticipated commission for the sale of 14981 National Avenue, #3. This sale has not closed, and may never close. When RCL provided notice to Intero of its commission purchase it attached a Collateral Acknowledgment signed by Cooper and Derner. The Collateral Acknowledgment references Section 11 of the Master Agreement and identified the

---

[10] Paragraph 11 states: **Security Interest in Future Commissions.** Agent hereby grants RC a security interest in any and all of Agent's accounts (as such term is defined in the Uniform Commercial Code as adopted in the State of Georgia (the "UCC")), whether now existing or hereafter arising, to secure the full and final payment and performance of all of Agent's obligations under this Master Agreement and each Purchase Agreement.

commission associated with 320 Mansfield Drive as one of the commissions in which it asserts a security interest.

RCL obtained an interest in future commissions prior to entry of the TRO or assignment orders pursuant to its Master Agreement. It perfected that security interest by filing of a UCC. Then, it obtained priority over future claims against commissions by providing notice of its interest to Intero on September 29, 2014. The notice specifically identifies seven commissions, including 320 Mansfield Drive. As such, RCL has a priority security interest in Cooper's commission from the sale of 320 Mansfield Drive, until the obligation to RCL is paid in full.

Conclusion

Once noticed to Intero or other obligors, the assignment orders entitle the Judgment Creditors to a priority right to assignment of Cooper's interest in current or future commissions, subject to satisfaction of the remaining obligation owed to RCL in the approximate amount of $10,000. The obligation to RCL may be satisfied from the commission earned as co-listing agent for seller in the 320 Mansfield Drive transaction. The court will issue a second amended assignment order and order restraining Cooper contemporaneous with this Memorandum Decision.

**COURT SERVICE LIST**

Gail S. Cooper
4901 Gould Avenue
La Canada, CA 91011

Dipei Weng
1415 Fairway Dr.
Los Altos, CA 94024

Zachary Tyson
Nova Law Group
800 West El Camino Real, Suite 180
Mountain View, CA 94040